**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID B.,

                        Plaintiff,

                        3:17-CV-1242
    v.                       (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,[1]

                        Defendant.

**APPEARANCES:**                         **OF COUNSEL:**

LACHMAN, GORTON LAW FIRM       PETER A. GORTON, ESQ.
Attorneys for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761

SOCIAL SECURITY ADMINISTRATION   CATHARINE L. ZURBRUGG,
OFFICE OF REGIONAL GENERAL COUNSEL  ESQ.
REGION II
26 Federal Plaza – Room 3904
New York, NY 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

On August 28, 2019, Peter A. Gorton, counsel to Plaintiff in this action, submitted a Motion for Attorneys' Fees. Dkt. No. 20. Defendant submitted a Response to the

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

Motion, noting that the Motion may be untimely. Dkt. No. 21. Upon review of the matter, the Court grants Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed a Complaint in this matter on November 13, 2017, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. On August 13, 2018, the parties filed a Stipulation for remand pursuant to Sentence Four of 42 U.S.C. § 405(g). Dkt. No. 14. On August 16, 2018, the Court ordered remand of the matter pursuant to the Stipulation, judgment was entered accordingly, and the matter was dismissed. Dkt. Nos. 15 & 16. The parties filed a stipulation as to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA") in August of 2018, and the Court ordered such attorneys' fees awarded. *See* Dkt. Nos. 17, 18, & 19. At that time, $4,900 was awarded but $1,041.62 was paid to the New York State Department of Labor; $3,858.38 was received by counsel. Dkt. No. 20-1 at p. 1. Upon review of the matter on remand, the Administrative Law Judge issued a favorable decision awarding Plaintiff benefits on February 12, 2019, and on July 31, 2019, the Social Security Administration issued Plaintiff's Notice of Award. *Id.*; Dkt. No. 20-3 at p. 1. On August 28, 2019, Plaintiff's counsel filed a Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 20.

Plaintiff's current Motion seeks attorneys' fees in the amount of $12,176.50, of which he would be ordered to refund Plaintiff the sum of $3,858.38 previously awarded from the EAJA fees. Dkt. No. 20-1 at p. 1. Defendant's Response to the Motion notes that the application may be untimely, as the Notice of Award is dated July 31, 2019, and

the Motion was filed twenty-five days after that (including the three-day mailing period). Dkt. No. 21 at pp. 4-5; *see* Dkt. No. 20-3 at p. 1. Defendant does not argue that the amount that Plaintiff's counsel requests appears to be grossly unreasonable or a windfall. Dkt. No. 21 at p. 4.

### III. DISCUSSION

Federal Rule of Civil Procedure 54(d)(2)(B) provides that "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" The Second Circuit recently answered the question of whether this rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019). The Circuit determined that the rule does apply. Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91.

In *Sinkler*, the plaintiff argued that his untimely application should be granted because the general practice among District Courts in this Circuit had been to consider whether the motion was filed within a reasonable time in determining timeliness, rather than applying the fourteen-day rule. *Id.* at pp. 90-91. However, in *Sinkler*, counsel filed the motion six months after receiving notice of the benefits calculation on remand. *Id.* The Court found that due to the long delay, the application was untimely under both Rule

54, and under the reasonableness standard, were the Court to apply it in light of his alleged lack of notice as to the application of Rule 54 to Section 406(b) motions. *Id.*

The District Court in the Northern District of New York recently dealt with this issue following the *Sinkler* decision. In *Russell W. v. Comm'r of Soc. Sec.*, the Notice of Award was dated April 8, 2018, the plaintiff's counsel received a copy of the Notice of Award on November 26, 2018, and filed his application for attorneys' fees on February 20, 2019. 2019 WL 5307315, at *2 (N.D.N.Y. Oct. 21, 2019). The application was filed prior to the *Sinkler* decision, and the District Court explained that prior to that decision, "the law in the Second Circuit was unsettled as to when a motion for attorneys' fees must be filed under Section 406(b). Some courts applied Rule 54(d)(2)(B)'s fourteen-day filing period, while others applied the 'reasonable' period pursuant to Rule 60(b)." *Id.* at *2 (citing *Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452 (W.D.N.Y. 2018)). The Court went on to note that "even following the district court's ruling in *Sinkler*, there was considerable disagreement among the district courts in the Second Circuit concerning the proper timeline for filing Section 406(b) applications." *Id.* at *3 (citing *Wurzer v. Comm'r of Soc. Sec'y*, 2019 WL 3821897, at *3 (W.D.N.Y. Aug. 14, 2019) and *Jenis v. Colvin*, 2016 WL 6246423, at *1 n.1 (W.D.N.Y. Oct. 26, 2016) and noting that district courts "regularly held that four months or less was a 'reasonable time' within which to file a Section 406(b) motion following a final award of benefits."). In light of the lack of clarity at the time counsel filed his motion, the Court declined to deny his motion on the basis of untimeliness. *Russell W. v. Comm'r of Soc. Sec.*, 2019 WL 5307315, at *3.

In the present matter, the Notice of Award is dated July 31, 2019. Dkt. No. 20-3 at p. 1. Plaintiff filed the present Motion on August 28, 2019. *Sinkler* was decided on August 2, 2019. *Sinkler v. Berryhill*, 932 F.3d 83. According to Rule 54, tolling the time to file until the calculation of benefits was issued, Plaintiff's application was filed approximately eleven days late. However, Rule 54's "limitations period is not absolute." *Id.* at 89. *Sinkler* specifically recognized that alteration of that deadline may be "appropriate in a particular case." *Id.* at 90. Although Plaintiff's counsel filed his Motion in this case after *Sinkler* was decided (though within the same month), the Notice of Award actually predated *Sinkler*, and the application was only filed eleven days late. Under all the circumstances, the Court will not deny Plaintiff's Motion due to untimeliness, but notes that counsel is on notice that applications must be submitted within fourteen days of receipt of the Notice of Benefits Award.

As for the amount requested in Plaintiff's Motion, the Court will enforce the contingency fee arrangement unless it is unreasonable. *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). In determining whether a fee is reasonable, a court should consider whether the attorney was responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808. In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and

required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Here, the contingency fee agreement provides in pertinent part that "[i]f the first ALJ decision after the date of this agreement is a denial, and my attorney agrees to appeal and the case is won at a later proceeding, the fee will be 25% of all back benefits awarded in my case without any cap on the fee." Dkt. No. 8 at p. 104. The fee sought does not exceed 25% of Plaintiff's past due benefits. Dkt. No. 20-1 at p. 1; Dkt. No. 21 at p. 4.

Plaintiff's counsel indicates that he spent a total of 24.6 attorney hours on the matter before this Court. Dkt. No. 20-2. Awarding Plaintiff's counsel the total amount sought ($12,176.50) would result in a *de facto* hourly rate of $494.98.[2] This hourly rate is within the range of what courts have generally considered not to be a windfall in the Northern District of New York. *See*, *e.g.*, *Sarah L. v. Colvin*, 2018 WL 6178486, at *3 (N.D.N.Y. Nov. 27, 2018) (finding *de facto* hourly rate of $650 did not constitute a windfall). In addition, counsel's efforts were successful in this case. Finally, there is no evidence of fraud or overreaching, or delay created by Plaintiff's counsel. Having found

---

[2] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

that the amount sought is reasonable and not a windfall for counsel, the Court hereby grants attorneys' fees in the amount of $12,176.50.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $12,176.50 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to refund Plaintiff the sum of 3,858.38 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: November 19, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge